UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:21CV1062 JCH |
| H&B VENTURES, LLC, | ) ) ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Defendant H&B Ventures, LLC's ("H&B Ventures" or "Defendant") Motion to Dismiss or Stay, filed November 12, 2021. (ECF No. 12). The motion is fully briefed and ready for disposition.

# BACKGROUND

At all relevant times, H&B Ventures operated the Splish Splash Car Wash at the property located at 2727 Watson Road, St. Louis, Missouri, 63139 (the "subject property"). (Compl., ¶¶ 9, 10). Plaintiff State Auto Property and Casualty Insurance Company ("State Auto" or "Plaintiff") issued a policy of insurance, policy number BOP 2902454 (the "policy"), dated January 16, 2020, to January 16, 2021, to H&B Ventures for the subject property. (*Id.*, ¶ 9).

On or about January 20, 2020, a fire occurred at the subject property. (Compl., ¶ 11). The fire occurred at night when a truck was driven into the automatic car wash bay and then set on fire, and the cause of the fire was ruled incendiary. (*Id.*, ¶ 12). As a result of the fire, H&B Ventures submitted a claim to State Auto under the policy, and State Auto requested that Defendant complete a Sworn Statement in Proof of Loss. (*Id.*, ¶¶ 13, 14). H&B Ventures submitted the statement seeking $584,688 under the policy on or about September 15, 2020. (*Id.*, ¶ 15).

On August 25, 2021, State Auto filed this declaratory judgment action in federal court, seeking a declaration as to its liability for coverage under the policy. It claims that no coverage exists for the claimed losses because, among other things, Defendant failed to cooperate and comply with its duties after the loss, as required by the policy, and committed or conspired to set the fire at the subject property with the intent to cause a loss. (Compl., ¶¶ 19-25).

On or about November 12, 2021, H&B Ventures and Gene Bentrup[1] filed a Petition in the Circuit Court of the City of St. Louis, Missouri, against State Auto and Hamza Daghamin.[2] (*See* Case No. 4:21CV1385 JCH, ECF No. 6). The plaintiffs in the state court case asserted claims for vexatious refusal to pay and negligence/defamation against State Auto, and for negligence against Daghamin. Despite the lack of complete diversity on the face of the Petition, State Auto removed the case to this Court on November 23, 2021, claiming Daghamin's citizenship should be ignored because his joinder as a non-diverse party was for the sole purpose of defeating federal diversity jurisdiction. The Court disagreed, and remanded the case to the St. Louis City Circuit Court on February 9, 2022. (*See Id.*, ECF Nos. 23, 24).[3]

As noted above, Defendant filed the instant Motion to Dismiss or Stay on November 12, 2021, requesting that the Court dismiss the action, or alternatively stay and abstain from hearing the case, in light of the pending state action. (ECF No. 12). In support of its motion, Defendant relies on the *Brillhart-Wilton* abstention doctrine articulated in *Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491 (1942), and *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). Pursuant to this doctrine,

---

[1] Gene Bentrup is the owner and organizer of H&B Ventures, LLC.
[2] Hamza Daghamin was leasing the subject property and operating a business thereon at the time of the fire.
[3] The Court further denied State's Auto's Motion to Consolidate the two cases as moot. (*See* ECF No. 20).

2

a federal district court may abstain from hearing an action when there is a sufficiently related and concurrently pending state court action.

## DISCUSSION

"Generally, a federal district court must exercise its jurisdiction over a claim unless there are 'exceptional circumstances' for not doing so." *Scottsdale Ins. Co. v. Detco Indus., Inc*., 426 F.3d 994, 996 (8th Cir. 2005) (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp*., 460 U.S. 1, 16-19 (1983)); *see also Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976) (stating that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them"). This general rule, however, yields to practical considerations and substantial discretion when the federal complaint seeks a declaration pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201(a). *See Wilton v. Seven Falls Co*., 515 U.S. 277, 282 (1995). The Declaratory Judgment Act confers on federal district courts "unique and substantial discretion in deciding whether to declare the rights of litigants." *Id.* at 286. "This broader discretion arises out of the Declaratory Judgment Act's language that a court '*may* declare the rights and other legal relations of any interested party seeking such declaration.'" *Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 792 (2008) (emphasis in original) (quoting 28 U.S.C. § 2201(a)).

The Supreme Court in *Wilton* emphasized that the Declaratory Judgment Act is properly characterized as "'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'" *Wilton*, 515 U.S. at 287 (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.,* 344 U.S. 237, 241 (1952)). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id*. at 288. The Supreme Court has cautioned that

"ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Id.* at 282 (internal quotation marks and citation omitted).

Accordingly, the Declaratory Judgment Act gives district courts discretion to determine whether to exercise jurisdiction in a declaratory judgment action or to abstain in favor of a state court proceeding. The scope of a district court's discretion to abstain from exercising jurisdiction under the Declaratory Judgment Act depends upon whether there exists a "parallel" state court action pending at the same time as the declaratory judgment action. *Scottsdale*, 426 F.3d at 999. When a parallel state court action is pending, a district court enjoys broad discretion to abstain, guided by considerations of judicial economy. *Id*. at 997. Where a declaratory action has some relation to an underlying state action but is not "parallel" to it, the considerations of practicality and wise judicial administration that allow a district court greater discretion under *Wilton* are somewhat diminished. *Id*. at 996 (citing *Wilton*, 515 U.S. at 290). The threshold issue for identifying the extent of a district court's discretion to abstain, then, is the determination of whether the federal and state suits are parallel.

"Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Id*. at 997 (internal quotation marks and citations omitted). Defendant contends that this action and the underlying state action are parallel because they involve the same insurance policy, governed by the same state law, and both involve the identical ultimate issue—whether there is coverage under the policy. Additionally, Defendant notes that this Court's adjudication of State Auto's complaint for declaratory judgment would be uneconomical, because it would not

4

resolve all the issues between the parties.[4]  Defendant thus urges the Court to exercise its discretion under the *Brillhart-Wilton* abstention doctrine, and dismiss or stay this action in favor of the underlying state court action.

Plaintiff responds that at the time it filed its declaratory judgment action there was no parallel state action, as Defendant's state court case was not filed until several months after State Auto filed the instant Complaint.  Under Plaintiff's reasoning, the *Brillhart-Wilton* standard is not even applicable in this matter.  In support of this argument, Plaintiff cites to 135 A.L.R. 934 (originally published in 1941), for the proposition that in deciding whether the abstention doctrine applies, the Court must determine "if there is pending, at the time of the commencement of the declaratory action, another action or proceeding to which the same persons are parties, in which are involved and may be adjudicated the same identical issues that are involved in the declaratory action."  Plaintiff also argues that even if the Court determines that the cases are parallel and the *Brillhart-Wilton* abstention doctrine applies, abstention would nonetheless be improper for several reasons:  the federal suit was filed first; H&B Ventures' conduct in filing a second suit runs afoul of the doctrines of judicial efficiency and economy; and Defendant's motion to stay or dismiss is an improper attempt at forum shopping or procedural gamesmanship.

Plaintiff's contention that there is no parallel state action is without merit.  In *Wilton* itself, the respondent filed its state court action a month after the petitioner had filed its federal declaratory action case.  Even though the state action was not pending when the federal suit was filed, the Supreme Court nonetheless held that it was appropriate to stay the action for declaratory relief, as there were "parallel proceedings, presenting opportunity for ventilation of the same state law issues . . . underway in state court."  *Wilton*, 515 U.S. at 290.  The Eighth Circuit similarly has

---

[4] As noted above, in addition to its claim for vexatious refusal to pay, H&B Ventures also asserts a claim for negligence/defamation against State Auto in its state court Petition.

5

held that the *Brillhart-Wilton* abstention analysis properly is based on the state of proceedings as they exist at the time abstention is considered by the district court, and not at the time the claim for declaratory relief was filed. *See Royal Indemnity Co.,* 511 F.3d at 792 (affirming district court's decision to apply *Brillhart-Wilton* abstention analysis even though the state suit did not become parallel to the federal suit until certain defendants were joined in the state action, which occurred some months after the declaratory judgment action was filed). Therefore, it is not determinative that the state court action was not filed when Plaintiff brought its federal claim.

Upon consideration, the Court concludes that the state court action and the instant claim for declaratory relief are parallel, as they involve the same parties and issues regarding the same insurance policy. Additionally, because the interpretation of insurance policies is governed by state law, the same Missouri law applies in both actions.

Where there is a parallel state proceeding, the Eighth Circuit has instructed that a district court's "key consideration . . . is to ascertain whether the issues in controversy between the parties to the federal action . . . can be better settled by the state court in light of the scope and nature of the pending state court proceeding." *Evanston Ins. Co. v. Johns*, 530 F.3d 710, 713 (8th Cir. 2008) (internal quotation marks and citations omitted). If the issues would be better settled in the pending state court proceeding, "'it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.'" *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 874-75 (8th Cir. 2000) (quoting *Brillhart*, 316 U.S. at 495).

Here, a parallel state court action is pending that presents the same issues between the same parties.[5] Under these circumstances, "the normal principle that federal courts should

---

[5] As noted by Defendant, the state court action further involves issues not present here, including claims for negligence/defamation against State Auto and negligence against Daghamin.

adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288. Both actions are governed solely by state law, and thus the state court is in the better position to adjudicate the matter. Furthermore this action, like the state action, is in its infancy. Allowing this action to continue in federal district court would be unnecessarily duplicative and uneconomical, would run the risk of inconsistent findings, and would constitute a waste of judicial resources. There is no compelling justification for requiring the courts or the parties to expend time and resources exploring similar issues in two different fora, and so the Court will abstain from the exercise of jurisdiction at this time.

The Court further concludes that this case should be stayed rather than dismissed. "[W]here the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." *Wilton*, 515 U.S. at 288 n.2; *see also International Assoc. of Entrepreneurs v. Angoff*, 58 F.3d 1266, 1271 (8th Cir. 1995) (a stay rather than dismissal is the preferred mode of abstention where the possibility of a return to the federal court remains). To the extent the issues in this matter remain unresolved at the conclusion of the state action, Plaintiff may seek to pursue the instant declaratory judgment action in this Court.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss or Stay (ECF No. 12) is **GRANTED** to the extent the Court will abstain from this case, and the matter is hereby **STAYED**.

7

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **administratively close** this case, which may be reopened on the motion of either party. Any motion to reopen shall include a statement of all relevant proceedings that occurred in the underlying state action.

Dated this ___31st___ Day of March, 2022.

    \s\ Jean C. Hamilton
    UNITED STATES DISTRICT JUDGE